UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 29 2016 ★
BROOKLYN OFFICE

UNITED STATES

– against –

SHALOM RABKIN,

                Defendant.

**MEMORANDUM AND ORDER**

12-CR-515 (JBW)

**Appearances**

    **For United States:**

        Caroline D. Ciraolo
        Acting Assistant Attorney General
        United States Department of Justice Tax Division
        By: Jeffrey Bender

    **For Defendant:**

        H. Elliot Wales

        Richard Avery Finkel
        Meissner, Kleinberg & Finkel, LLP

JACK B. WEINSTEIN, Senior United States District Judge:

### Table of Contents

I. Introduction ........................................................................................................2
II. Facts ...................................................................................................................2
III. Law ....................................................................................................................5
  A. Criminal Restitution and Civil Tax Assessment .........................................5
  B. Certificate of Release of Lien ......................................................................8
  C. Challenging a Civil Assessment ..................................................................8
III. Discussion ..........................................................................................................9



1

IV.     Conclusion ....................................................................................................................10

I.      **Introduction**

Pursuant to a plea agreement in the instant criminal case, the court sentenced defendant Shalom Rabkin to $148,999 in restitution to the Internal Revenue Service ("IRS") for tax evasion. To assist and encourage prompt payment of restitution without undue strain on defendant's immediate financial situation, the court's criminal sentencing judgment ordered that interest on the restitution amount would be waived if he made payments on a timely basis. There is no dispute that defendant paid the full restitution amount in a timely manner. He was not, therefore, charged interest on the restitution amount imposed by the court's order.

Independent of the criminal restitution, the IRS has issued a civil assessment for the interest that accrued on Rabkin's unpaid tax payments from the date they were due to the time they were paid. Defendant challenges the civil assessment as a violation of the criminal judgment.

As explained below, Rabkin conflates the interest waived by the court when it imposed the criminal sentence pursuant to Title 18, with the interest the IRS may assess as a civil matter under Title 26. Because Rabkin paid the criminally ordered restitution on time, he need not pay interest on the restitution amount ordered by the court. The IRS may still charge him in a separate civil proceeding for the interest that accrued on his unpaid taxes from the time they were first due until they were paid.

II.     **Facts**

Defendant and his business partner jointly own an environmental abatement company, Asbestways Services Corporation, in Brooklyn, New York. *United States v. Gorodetsky*, 288 F.R.D. 248, 249 (E.D.N.Y. 2013). Both owners used the company's income to pay for personal

expenses, resulting in significant underreporting of personal income in computing federal income taxes. *Id.* Rabkin was charged in a one-count information based upon his owing $148,999 to the IRS for unpaid taxes on income he deliberately failed to report for the years 2006, 2007, and 2008. *Id.*; *see also* Information, ECF No. 4, ¶ 3.

Defendant pled guilty, pursuant to a plea agreement, to committing tax evasion in violation of section 7201 of Title 26. *See* Sentencing Hr'g Tr., Sept. 13, 2012, ECF No. 11, at 24:24-25:1. The parties agreed that $148,999 restitution should be ordered by the court. *See* Def.'s Reply Letter, Mar. 17, 2016, Ex. C ("Plea Agreement"), ECF No. 37-3, ¶ 1e. The plea agreement stated that the "agreement does not bind any federal, state, or local prosecuting authority other than the [United States Attorney's Office for the Eastern District of New York and the United States Department of Justice Tax Division (collectively "the Office")], and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant." *Id.* ¶ 6; *see also* Gov't's Opp. Br., Apr. 22, 2016, ECF No. 43, at 2.

Rabkin was sentenced to pay $148,999 restitution, to serve four months in prison, to undergo three years of supervised release, and to pay a $100 special assessment. *See* J., Feb. 22, 2013, ECF No. 26.

He and his partner's prison terms were staggered to allow their business to continue so its employees could retain their jobs. *Gorodetsky*, 288 F.R.D. at 250. The judgment was amended to include a recommendation to the Bureau of Prisons that Rabkin be permitted to communicate with his business partner by phone and email about company affairs. *See* Am. J., Apr. 30, 2013, ECF No. 29, at 2.

Regarding the restitution payment, the judgment included the following condition waiving interest:

> The first $25,000.00 of restitution [ordered by the court] is payable within six months. The remainder is payable at the rate of 10% of net income after taxes. *The interest requirement is waived if payment is made on a timely basis.*

J. at 6; Am. J. at 6 (emphasis added).

Defendant satisfied the terms of the restitution order by forthwith paying $148,999 to the IRS. He was issued a Certificate of Release of lien signed by an Assistant United States Attorney for this amount. It states:

> I hereby certify that as to the following named debtor the requirements of section 3613(c) of title 18 of the United States Code have been satisfied with respect to the judgment enumerated below, together with all statutory additions; and that the lien for this judgment and statutory additions has thereby been released. The proper officer in the office where the Notice of Lien was filed on June 3, 2014 is hereby authorized to make notation on the books to show the release of said lien, insofar as the lien relates to the following imposition.
>
> | | |
> |---|---|
> | Name of Defendant: | Shalom Rabkin . . . |
> | Court Imposing Judgment: | U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK |
> | Court Number: | CR-12-0515 |
> | Date of Judgment: | February 12, 2013 |
> | Amount of Judgment: | $149,099.00 |

Def.'s Reply Letter, Ex. B ("Certificate of Release"), ECF No. 37-2, at 1.

The IRS has not extinguished its tax lien. Pl.'s Mot. to Compel, Mar. 7, 2016, ECF No. 35, at 2. Pursuant to Title 26, it civilly assessed $51,221 in interest and $38,240 in penalties, totaling $89,461. *Id.* at n.2; Gov't's Opp. Br. at 5.

Rabkin moves to compel the IRS to abide by what he claims are the terms of the sentence imposed. His position is that the assessment violates the court's judgment. Pl.'s Mot. to Compel at 2. He points out that the IRS's outstanding lien has prevented him from refinancing his home mortgage, which was to help pay his unpaid 2014 taxes. Def.'s Reply Br., May 6, 2016, ECF No. 46, at 6-7. By letter dated June 23, 2016, defendant informed the court that he has now paid his 2014 taxes. Def.'s Letter, June 23, 2015, ECF No. 47, at 2.

### III. Law

#### A. Criminal Restitution and Civil Tax Assessment

Title 18 provides that a sentencing court "may . . . order restitution in any criminal case *to the extent agreed to by the parties by a plea agreement.*" 18 U.S.C. § 3663(a)(3) (emphasis added); *see also id.* § 3556. It also states that "[i]f the court determines that the defendant does not have the ability to pay interest *under this subsection*, the court may . . . waive the requirement for interest." *Id.* § 3612(f)(3) (emphasis added). The authority of the sentencing court to waive interest *without consent* is limited to interest that accrues on the restitution amount imposed in a criminal judgment pursuant to Title 18.

The IRS has several independent methods of collecting unpaid taxes. One is by use of a criminal restitution order. *See* 26 U.S.C. § 6201(a)(4) ("The [IRS] shall assess and collect the amount of restitution under and order pursuant to section 3556 of Title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax.").

Another is through Title 26, which authorizes the IRS to collect interest on unpaid taxes. This interest begins to accumulate on the date the tax is due. *See United States v. Perry*, 714 F.3d 570, 577 (8th Cir. 2013) ("Federal tax law imposes interest on tax delinquencies to compensate the government for the time-value of its loss."). The statute reads:

5

> If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

26 U.S.C. § 6601(a).

The above provision applies to assessments based on an agreed restitution amount. *See, e.g., United States v. Del'Andre*, No. 2:11-CR-126, 2016 WL 183528, at *3 (D. Utah Jan. 14, 2016) ("The IRS correctly calculated interest on the restitution payments from the date that the taxes to which the restitution applied were originally due."); *In re Jara*, No. 14-80057-G3-13, 2015 WL 542408 (Bankr. S.D. Tex. Feb. 5, 2015), at *3 ("[A]s with any tax assessment, if the criminal restitution assessment amount is not paid when due, interest will accrue from the due date until paid. 26 U.S.C. § 6601(a).").

Title 26 interest accrues separately from interest on restitution pursuant to Title 18. The latter accrues during the payment period established by the sentencing court. *See, e.g., In re Jara*, 2015 WL 542408, at *4 ("Although related, assessments on criminal restitution amounts are separate and distinct from the criminal restitution judgment. . . . Pursuant to 26 § 6201(a)(4)(A), the IRS can assess the amount of a criminal restitution order as a tax. This is an assessment of tax liability, which is related to but separate from the imposition of criminal restitution payments set forth in a criminal judgment."); *Shah v. C.I.R.*, 208 F.3d 215, 2000 WL 125748, at *2 (6th Cir. 2000) ("Although the Shahs further argue that they should not be subject to an additional civil tax deficiency and penalties because restitution and fines were already imposed in the criminal prosecution, the Shahs' *civil liability is separate from their criminal convictions* and is not bound by the approximation of fraud used for sentencing purposes." (emphasis added)).

A sentencing court may affect an assessment under Title 26 only if its criminal judgment includes a waiver of civil penalties. For example, in *Creel v. C.I.R.*, the court considered a plea agreement that mandated an amount of restitution "in addition to any interest and penalties which may be imposed by the Internal Revenue Service," and a judgment that imposed restitution "plus any applicable penalties and interest." 419 F.3d 1135, 1140 (11th Cir. 2005). The court decided that the defendant's civil liabilities were "inextricably intertwined" with his criminal liabilities, which were together imposed on him as punishment. *Id.* at 1142. "Under the unique facts of [the] case," the court concluded that "the government discharged Creel's civil tax liabilities as part of the criminal case." *Id.* at 1141-42.

Where the terms of a plea agreement do not specifically preclude the IRS from assessing additional taxes, a civil assessment may follow satisfaction of the restitution order in the criminal case. In *Reeves v. United States*, for instance, the court determined that the plea agreement at issue was "explicit and clear that the prohibition on future proceedings against Reeves is limited to 'criminal prosecution'; the agreement [said] absolutely nothing about limiting future civil proceedings, which would include civil-tax assessments." No. 05-CV-542, 2007 WL 2300892 (M.D. Ala. Aug. 8, 2007), at *2. Comparing the *Reeves* plea to that in *Creel*, the court stated:

> There was no similar provision in Reeves's plea agreement that provided for satisfaction of a civil-tax liability; rather, *Reeves's plea agreement does not mention civil-tax liability at all*. There is no intertwinement between any of the provisions of his criminal plea agreement and the government's later civil pursuit of Reeves. *Creel* thus does not support Reeves's position.

*Id.* at *3 (emphasis added). *Compare Gillum v. C.I.R.*, No. 16110-07, 2010 WL 5393884 (T.C. 2010), at *7 (restitution did not discharge or limit IRS assessment of civil tax liabilities because the plea agreement did not bind any authority besides the United States Attorney's Office, and the criminal judgment "[made] no mention of civil liabilities or penalties.") *with Del'Andrae,*

7

2016 WL 183528, at *1 (court sentenced defendant to restitution "along with any penalties and interest assigned by the [IRS]" and determined that the IRS correctly assessed interest on the restitution amount); *In re Jara*, 2015 WL 542408, at *1 (plea agreement stated that "[IRS] may be entitled to and may seek additional, taxes, interest and penalties from [defendant] relating to the conduct underlying the Criminal Information," so such assessment was proper).

### B. Certificate of Release of Lien

It is customary for a United States Attorney to file a Certificate of Release of Lien pursuant to section 3613(c) of Title 18 once a defendant pays the restitution amount in full. Section 3613(c) provides:

> A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years *or until the liability is satisfied*, remitted, set aside, or is terminated under subsection (b).

18 U.S.C. § 3613(c) (emphasis added).

### C. Challenging a Civil Assessment

District courts do not have jurisdiction to provide relief to individuals challenging unreasonable seizures by the IRS until the proper administrative procedures have been exhausted. *See, e.g., In re Farris*, No. 94-1782, 1995 WL 225228, at *1 (D.C. Cir. Mar. 14, 1995); *In re Rosado*, No. 94-1781, 1995 WL 225231, at *1 (D.C. Cir. Mar. 14, 1995).

Section 7422(a) of Title 26 states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of

8

any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary." "To challenge a levy, a party must follow the administrative procedures set out in 26 U.S.C. § 7429(a) before judicial review is permitted under 26 U.S.C. § 7429(b)." *Zuckman v. Dep't of Treasury*, No. 09-CV-137, 2010 WL 3619702, at *2 n.1 (E.D.N.Y. Sept. 10, 2010), *aff'd*, 448 F. App'x 160 (2d Cir. 2012).

### III. Application of Law to Facts

A restitution order pursuant to Title 18 does not govern civil assessments under Title 26 – unless the order explicitly covers such assessments. The plea agreement and judgment in Rabkin's instant case is analogous to those in *Reeves*, which made no mention of civil tax liabilities. Rabkin's plea agreement only states, "The parties agree that restitution to the Internal Revenue Service with respect to the tax loss caused by the criminal conduct of SHALOM RABKIN for the tax years 2006 through 2008 in the amount of $148,999 should be ordered by the Court." Plea Agreement at ¶ 1e. There is no mention of a civil assessment. The judgment addressed only criminal restitution, not civil liability:

> The first $25,000.00 of *restitution* is payable within six months. The
> remainder is payable at the rate of 10% of net income after taxes.
> The interest requirement is waived if payment is made on a timely
> basis.

J. at 6; Am. J. at 6 (emphasis added). The plea agreement expressly does not bind any federal authority other than the United States Attorney's Office, *i.e.*, the IRS, "from initiating . . . any civil or administrative proceedings" involving Rabkin. Plea Agreement at ¶ 6.

Because the judgment and underlying plea agreement only concern restitution ordered in the criminal judgment, this court's criminal judgment does not affect the IRS's power to assess civil interest and penalties on Rabkin. A Certificate of Release of Lien in the criminal case does not alter that conclusion. Like the criminal judgment and plea agreement, the certificate makes

9

no mention of civil liability. It states only that "the requirements of section 3613(c) of *title 18* of the United States Code have been satisfied with respect to the *judgment* enumerated below, together with all statutory additions . . . ." Certificate of Release at 1 (emphasis added).

Rabkin contends that the phrase "together with all statutory additions" means "any and all claims for interest or penalties that might be applicable under the Internal Revenue Code." Def.'s Mem. in Supp. of Mot. to Compel, Apr. 21, 2016, ECF No. 42, at 6. The phrase does not support such a broad interpretation. *See Hicks*, 2011 WL 3240843, at *2 (T.C. 2011) (certificate of release that included "all statutory additions" did not relieve petitioner of civil liability under Title 26). A certificate of release in the criminal case only relates to the criminal lien and does not absolve a person of tax liability. *See Beeler v. C.I.R.*, 434 F. App'x 41, 42 (2d Cir. 2011).

## IV. Conclusion

The court's criminal judgment waived only interest on the restitution amount it ordered, not civil interest ordered by the IRS that began to accrue on Rabkin's unpaid taxes on the date they were originally due. The Title 26 assessment does not violate the terms of the criminal judgment. Rabkin's motion is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 29, 2016
Brooklyn, New York

10